**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARMEN SANCHEZ | |
|    Plaintiff, | CIVIL ACTION  1:16-cv-07056 |
| v. | COMPLAINT |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, JOHNSON BLUMBERG & ASSOCIATES, LLC and SETERUS, INC. | JURY TRIAL DEMANDED |
|    Defendants. | |

## COMPLAINT

NOW COMES the Plaintiff, CARMEN SANCHEZ, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendants, FEDERAL NATIONAL MORTGAGE ASSOCIATION, JOHNSON BLUMBERG & ASSOCIATES, LLC and SETERUS, INC., as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq.; the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et. seq.; and Regulation X, which implements the provisions of the Real Estate Settlement Procedures Act, 12 C.F.R. 1024 et. seq.

JURISDICTION AND VENUE

2.    Subject matter jurisdiction exists over the Fair Debt Collection Practices Act claim(s), and the Regulation X claim(s) under 28 U.S.C. §§1331 and 1337.

3.    Supplemental jurisdiction exists over the Illinois Consumer Fraud and Deceptive Business Practices Act claim(s) under 28 U.S.C. §1367.

4.    Venue is proper under 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

PARTIES

5.    CARMEN SANCHEZ (hereinafter "Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 1837 Linden Street, Des Plaines, Illinois 60016 (hereinafter "subject property").

6.    FEDERAL NATIONAL MORTGAGE ASSOCIATION (hereinafter "Fannie Mae") is a corporation formed under the laws of the State of Delaware.  Fannie Mae has a principal place of business located at 3900 Wisconsin Avenue NW, Washington D.C., 20016.

7.    JOHNSON BLUMBERG & ASSOCIATES, LLC is a limited liability company formed under the laws of the State of Illinois.  Johnson Blumberg & Associates, LLC has a principal place of business located at 230 West Monroe Street, Suite 1125, Chicago, Illinois 60606.

8.      SETERUS, INC. is a corporation formed under the laws of the State of Delaware. Seterus, Inc. has a principal place of business located at 14523 SW Millikan Way, Beaverton, Oregon 97005.

**FACTUAL ALLEGATIONS**

9.      On February 26, 2008, Plaintiff executed a mortgage (hereinafter "mortgage loan") in favor of IndyMac Bank, F.S.B., to secure a promissory note in the amount of $229,900.00. Plaintiff defaulted on her mortgage loan. Subsequently, Plaintiff tendered a loss mitigation application to Seterus, Inc.

10.     On April 25, 2016, Seterus, Inc. sent Plaintiff written correspondence stating "We believe your application for assistance to help you keep your home is '*facially complete*.'" (Emphasis added). See Exhibit A, a true and correct copy of the April 25, 2016 written correspondence.

11.     On May 15, 2016, Seterus, Inc. sent Plaintiff written correspondence again stating "We believe your application for assistance to help you keep your home is '*facially complete*.'" (Emphasis added). See Exhibit B, a true and correct copy of the May 15, 2016 written correspondence.

12.     On May 16, 2016, Seterus, Inc. sent Plaintiff written correspondence again stating "We believe your application for assistance to help you keep your home is '*facially complete*.'" (Emphasis added). See Exhibit C, a true and correct copy of the May 16, 2016 written correspondence.

13. On May 17, 2016, Seterus, Inc., by and through its attorneys, Johnson Blumberg & Associates, LLC. filed its Complaint to Foreclose Mortgage on the subject property.

14. On May 19, 2016, Seterus, Inc. sent Plaintiff written correspondence stating "While your request was carefully considered, your loan could not be approved for assistance at this time." See Exhibit D, a true and correct copy of the May 19, 2016 written correspondence.

15. On May 20, 2016, Seterus, Inc. offered Plaintiff a trial period plan requiring payments in the amount of $1,121.52 on July 1, 2016, August 1, 2016 and September 1, 2016. See Exhibit E, a true and correct copy of the May 20, 2016 trial period plan.

16. As a result of Johnson Blumberg & Associates, LLC's. and Seterus, Inc.'s systematic campaign of unlawful collection activity, Plaintiff has suffered credit damage, economic damage, emotional distress (i.e., confusion, frustration and humiliation) monetary loss; and mental distress.

### COUNT I - REGULATION X (REAL ESTATE SETTLEMENT PROCEDURES ACT) (AGAINST FANNIE MAE AND SETERUS, INC.)

17. Paragraphs 1 through 16 are re-alleged as though fully set out herein.

18. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

19. The Real Estate Settlement Procedures Act, which became effective in 1975 requires lenders, mortgage brokers or servicers of home loans to provide

4

borrowers with pertinent and timely disclosures regarding the nature and costs of the real estate settlement process. The Department of Housing and Urban Development originally promulgated Regulation X, which implements the Real Estate Settlement Procedures Act. On July 10, 2013, September 13, 2013 and October 22, 2014, the Consumer Financial Protection Bureau issued final rules to amend Regulation X (78 Fed. Reg. 44685 (July 24, 2013), 78 Fed. Reg. 60381 (October 1, 2013), and 79 Fed. Reg. 65299 (November 3, 2014)). The final rules included substantive and technical changes to the existing regulations, including revisions to provisions on the relation to state law of Regulation X's servicing provisions, to the loss mitigation procedure requirements, and to the requirements relating to notices of error and requests for information. The Regulation X amendments are effective as of January 10, 2014.

20. Fannie Mae is a "master servicer" as defined by 12 C.F.R. §1024.31.

21. Seterus, Inc. is a "servicer" as defined by 12 C.F.R. §1024.2.

22. The mortgage loan is a "federally related mortgage loan" as defined by 12 C.F.R. § 1024.2.

23. 12 C.F.R. 1024.41(f) states as follows:

If a borrower submits a complete loss mitigation application during the pre-foreclosure review period set forth in [12 C.F.R. 1024.41(f)(1)] or before a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process, a servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless:

(1) The servicer has sent the borrower a notice pursuant to [12 C.F.R. 1024.41] (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in [12 C.F.R. 1024.41] (h) is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;

(2) The borrower rejects all loss mitigation options offered by the servicer; or

(3) The borrower fails to perform under an agreement on a loss mitigation option.

24. Seterus, Inc. violated 12 C.F.R. 1024.41(f) by filing its Complaint to Foreclose Mortgage, notwithstanding the fact that on April 25, 2016, May 15, 2016 and May 16, 2016, Seterus, Inc. acknowledged receipt of Plaintiff's "facially complete" loss mitigation application.

25. Seterus, Inc. failed to send Plaintiff notice pursuant to 12 C.F.R. 1024.41(c)(1)(ii).

26. Plaintiff failed to reject all loss mitigation options offered by Seterus, Inc.

27. Plaintiff was deprived of the opportunity to perform under the trial period plan, in which the first trial period plan payment was due on July 1, 2016.

28. At all times relevant, Seterus, Inc. has been responsible for the servicing of Plaintiffs' mortgage loan on behalf of Fannie Mae. As such, Seterus, Inc.'s violation(s) of Regulation X are imputed to Federal National Mortgage Association.

29. Plaintiff may enforce the provisions of 12 C.F.R. 1024.41(f) pursuant to section 6(f) of the Real Estate Settlement Procedures Act (12 U.S.C. 2605(f)).

30.     An award of actual damages is appropriate as Plaintiff has suffered credit damage, economic damage, emotional distress (i.e., confusion, frustration and humiliation) monetary loss; and mental distress.

31.     An award of statutory damages is appropriate as Seterus, Inc. has failed to comply with 12 C.F.R. 1024.41(f), and has engaged in a pattern or practice of indifference and/or noncompliance with the requirements of Regulation X, as evidenced by the 1,279 consumer complaints filed with the Consumer Financial Protection Bureau relating to "collection, foreclosure, loan modification." *See* https://data.consumerfinance.gov/dataset/Consumer-Complaints/s6ew-h6mp. WHEREFORE, Plaintiff requests the following relief:

    a.     actual, and statutory damages, and costs of this action include expenses together with attorney's fees as determined by this Court; and

    b.     any other relief deemed appropriate and equitable.

## COUNT II - FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST JOHNSON BLUMBERG & ASSOCIATES, LLC)

32.     Paragraphs 1 through 16 are re-alleged as though fully set out herein.

33.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34.     The Fair Debt Collection Practices Act, which became effective in 1978, was designed to eliminate abusive, deceptive and unfair debt collection practices.

35.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

36.     The mortgage loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

7

37. Johnson Blumberg & Associates, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

38. Johnson Blumberg & Associates, LLC was attempting to collect a debt used for "household purposes" as defined by 15 U.S.C. § 1692a(5).

39. 15 U.S.C. § 1692e states in pertinent part::

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of -

(A) the character, amount, or legal status of any debt[.]

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

40. 15 U.S.C. § 1692f states in pertinent part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount *** unless such amount is expressly authorized by the agreement creating the debt or *permitted by law*.

41. Johnson Blumberg & Associates, LLC violated 15 U.S.C. § 1692e by using deceptive, false and misleading means or representations in connection with the collection of Plaintiff's mortgage loan.

42. Johnson Blumberg & Associates, LLC violated 15 U.S.C. § 1692e(2) by falsely representing the amount, character or legal status of Plaintiff's mortgage loan at the time it filed its Complaint to Foreclose Mortgage when it knew (or should have known) that Seterus, Inc. was in receipt of Plaintiff's "facially complete" loss mitigation application.

43. Johnson Blumberg & Associates, LLC violated 15 U.S.C. § 1692e(5) by threatening to take an action - Judgment of Foreclosure and Sale, Order Granting Possession - that could not legally be taken.

44. Johnson Blumberg & Associates, LLC violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect on Plaintiff's mortgage loan.

45. Johnson Blumberg & Associates, LLC violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect on Plaintiff's mortgage loan.

46. Johnson Blumberg & Associates, LLC violated 15 U.S.C. § 1692f(1) by filing its Complaint to Foreclose Mortgage, notwithstanding the fact that on April 25, 2016, May 15, 2016 and May 16, 2016, Seterus, Inc. acknowledged receipt of Plaintiff's "facially complete" loss mitigation application- *conduct not permitted by law (in violation of 12 C.F.R. 1024.41(f)).*

47. Plaintiff may enforce the provisions of 15 U.S.C. § 1692 et. seq. pursuant to 15 U.S.C. § 1692k(a)

48.     An award of actual damages is appropriate as Plaintiff has suffered credit damage, economic damage, emotional distress (i.e., confusion, frustration and humiliation) monetary loss; and mental distress.

49.     An award of statutory damages is appropriate as Johnson Blumberg & Associates, LLC has failed to comply with 15 U.S.C. § 1692e, e(2), e(5), e(10), f and f(1).

WHEREFORE, Plaintiff requests the following relief:

a.      actual, and statutory damages, and costs of this action include expenses together with attorney's fees as determined by this Court; and

b.      any other relief deemed appropriate and equitable.

## COUNT III - FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST SETERUS, INC.)

50.     Paragraphs 1 through 16 are re-alleged as though fully set out herein.

51.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

52.     The Fair Debt Collection Practices Act, which became effective in 1978, was designed to eliminate abusive, deceptive and unfair debt collection practices.

53.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

54.     The mortgage loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

55.     Seterus, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

56.     Seterus, Inc. was attempting to collect a debt used for "household purposes" as defined by 15 U.S.C. § 1692a(5).

57.     15 U.S.C. § 1692e states in pertinent part::

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

58.     15 U.S.C. § 1692f states in pertinent part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)     The collection of any amount *** unless such amount is expressly    authorized by the agreement creating the debt or *permitted by law*.

59.     Seterus, Inc. violated 15 U.S.C. § 1692e by falsely representing the amount, character or legal status of Plaintiff's mortgage loan at the time it filed its Complaint to Foreclose Mortgage when it was in receipt of Plaintiff's "facially complete" loss mitigation application.

60.     Seterus, Inc. violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect on Plaintiff's mortgage loan when it filed its Complaint to Foreclose Mortgage when it was in receipt of Plaintiff's "facially complete" loss mitigation application.

61.      Seterus, Inc. violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect on Plaintiff's mortgage loan when it filed its

Complaint to Foreclose Mortgage when it was in receipt of Plaintiff's "facially complete" loss mitigation application.

62.    Seterus, Inc. violated 15 U.S.C. § 1692f(1) by filing its Complaint to Foreclose Mortgage, notwithstanding the fact that on April 25, 2016, May 15, 2016 and May 16, 2016, it acknowledged receipt of Plaintiff's "facially complete" loss mitigation application- *conduct not permitted by law (in violation of 12 C.F.R. 1024.41(f)).*

63.    Plaintiff may enforce the provisions of 15 U.S.C. § 1692 et. seq. pursuant to 15 U.S.C. § 1692k(a)

64.    An award of actual damages is appropriate as Plaintiff has suffered credit damage, economic damage, emotional distress (i.e., confusion, frustration and humiliation) monetary loss; and mental distress.

65.    An award of statutory damages is appropriate as Seterus, Inc. has failed to comply with 15 U.S.C. § 1692e, e(10), f and  f(1).

WHEREFORE, Plaintiff requests the following relief:

a.    actual, and statutory damages, and costs of this action include expenses together with attorney's fees as determined by this Court; and

b.    any other relief deemed appropriate and equitable.

### COUNT IV - ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (AGAINST SETERUS, INC.)

66.    Paragraphs 1 through 16 are re-alleged as though fully set out herein.

67.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

68.   The Illinois Consumer Fraud and Deceptive Business Practices Act which became effective in 1961 was designed to protect consumers against fraud and unfair or deceptive acts in the conduct of commerce or trade. Unlawful practices under the Illinois Consumer Fraud and Deceptive Business Practices Act are defined broadly as:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretenses, false promise, misrepresentation or the concealment, suppression or omission of any material fact, or the use or employment of any practice described in [The Illinois Deceptive Trade Practices Act, 815 ILCS 510/2] in the conduct of any commerce or trade. 815 ILCS 505/2.

69.   Plaintiff is a "person" as defined by 815 ILCS 505/1(c).

70.   Plaintiff is a "consumer" as defined by 815 ILCS 505/1(e).

71.   Seterus, Inc. is engaged in "commerce" as defined by 815 ILCS 505/1(f).

72.   Seterus, Inc. violated 815 ILCS 505/2 by filing its Complaint to Foreclose Mortgage when it was in receipt of Plaintiff's "facially complete" loss mitigation application.

73.   Seterus, Inc. has engaged in a systematic campaign of unlawful collection activity, as evidenced by the 1,279 consumer complaints filed with the Consumer Financial Protection Bureau relating to "collection, foreclosure, loan modification."

74.     An award of actual damages is appropriate as Plaintiff has suffered credit damage, economic damage, emotional distress (i.e., confusion, frustration and humiliation) monetary loss; and mental distress.

75.     An award of punitive damages is appropriate as Seterus, Inc.'s acts were outrageous, wanton and willful, and showed a conscious disregard and indifference for the rights of Plaintiff and consumers, generally.

WHEREFORE, Plaintiff requests the following relief:

a.      actual, and punitive damages, and costs of this action include expenses together with attorney's fees as determined by this Court; and

b.      any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

July 7, 2016                                              Respectfully submitted,

                                                         /s/ Joseph S. Davidson

                                                         Joseph S. Davidson, Esq.
                                                         SULAIMAN LAW GROUP, LTD.
                                                         900 Jorie Boulevard
                                                         Suite 150
                                                         Oak Brook, Illinois 60523
                                                         Telephone: (630)575-8181
                                                         Facsimile: (63)575-8188

                                                         *Counsel for Carmen Sanchez*