UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARMEN SANCHEZ

    Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, JOHNSON
BLUMBERG & ASSOCIATES, LLC
and SETERUS, INC.,

    Defendant.
_____/

Case No. 16-CV-07056

Honorable Andrea R. Wood
Judge Presiding

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNTS I, III, AND IV OF PLAINTIFF'S COMPLAINT

Defendants Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc. ("Seterus") (collectively, "Defendants"), by their counsel, submit this Memorandum in Support of their Motion to Dismiss Counts I, III, and IV of the Complaint filed by Carmen Sanchez ("Plaintiff") for the following reasons:

### Introduction

Plaintiff filed this lawsuit in response to a foreclosure complaint related to Plaintiff's mortgage loan. Plaintiff admittedly defaulted on her mortgage payments, resulting in Seterus, the mortgage loan's servicer, filing the foreclosure complaint. *See* Compl., ¶¶ 9, 13. In response to the foreclosure complaint, Plaintiff alleges that she submitted a loss mitigation application ("Application"), but that Seterus filed the foreclosure complaint before it completed its review of the Application. *See* Compl., ¶¶ 9-14.

Plaintiff attempts to allege violations of the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*. ("RESPA"), and 12 C.F.R. § 1024.41 ("Section 1024.41"), which is part

of the federal Consumer Financial Protection Bureau's ("CFPB") implementing regulations for RESPA, based on Defendants' supposed failure to comply with Section 1024.41(f). *See* Compl., ¶¶ 19-31. Specifically, Plaintiff attempts to allege that Defendants, as servicers of her mortgage loan, improperly filed the foreclosure complaint, prior to rendering a decision on the Application.

Plaintiff also attempts to allege, against Seterus only, violations of the federal Fair Debt Collection Practices Act, 12 U.S.C. § 1692, *et seq*. and the Illinois Consumer Fraud and Deceptive Business Practices Act, 805 ILCS 505/1, *et seq.*, based upon the purported RESPA violation. Plaintiff's claims fail.

Initially, Plaintiff's purported RESPA claim against Fannie Mae fails because Fannie Mae is not a "servicer" as defined by RESPA. *See Vassalotti v. Wells Fargo Bank, N.A.,* 732 F. Supp. 2d 503, 507 (E.D. Pa. 2010) ("RESPA imposes a duty on loan servicers…")

In addition, Plaintiff's purported RESPA claim also fails because the loss mitigation review procedures prescribed by 12 C.F.R. § 1024.41 do not apply to **subsequent** loss mitigation applications. *See* 12 C.F.R. § 1024.41(i) ("A servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account.")

Here, exhibits attached to Plaintiff's Complaint clearly show that Plaintiff submitted a prior loss mitigation application, and received a prior loan modification, **before** she submitted the Application at issue in this case. *See* Compl., Ex. D, p.3; *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 645 (7th Cir. 2006) ("[W]here an exhibit conflicts with the allegations of the complaint, the exhibit typically controls.")

Finally, even if RESPA did apply to Plaintiff's Application – and it plainly does not – Plaintiff's purported RESPA claim still fails because Plaintiff does not plead actual damages

2

stemming from the alleged RESPA violation, as is required. *See* 12 U.S.C. § 2605(f)(1)(A). "A § 1024.41(f) claim does not become ripe until the plaintiff has lost his or her property to foreclosure." *Simmons v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 105966, at * 10 (N.H. 2015).

And, Plaintiff's conclusory allegations that she suffered "credit damage, economic damage, emotional distress (i.e., confusion, frustration and humiliation) monetary loss; and mental distress" are insufficient to allege a RESPA claim. A plaintiff must first show that she had suffered a financial loss before being permitted to piggyback a claim for damages for incidental emotional distress. *See, e.g., Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 881 (7th Cir. 2001).

Plaintiff's purported FDCPA claims similarly fail. In support of her purported FDCPA claims, Plaintiff alleges that Seterus made misrepresentations concerning its ability to foreclose and unlawfully filed its foreclosure complaint while her Application remained pending, in supposed violation of Section 1024.41. *See* Compl., ¶¶ 59-62. However, Plaintiff does not allege any facts indicating that Seterus is a debt collector or began servicing Plaintiff's mortgage loan after she defaulted, as is required. *Bailey v. Sec. Nat'l Servicing Corp.,* 154 F.3d 384, 387 (7th Cir. 1998). For this reason alone, Plaintiff's purported FDCPA claims fail.

Furthermore, Plaintiff's FDCPA allegations fail because Section 1024.41 does not even apply to Plaintiff's Application and because Seterus did not misrepresent its ability to proceed with foreclosure. Specifically, Seterus informed Plaintiff, "If your loan is delinquent, please be aware we are continuing our efforts to collect the amounts owed on your loan." Compl., Exs. A, B, C.

Finally, Plaintiff's purported ICFA claim fails because Plaintiff does not allege: i) that Seterus engaged in an unfair or deceptive act or practice; ii) that she was actually deceived by Seterus; or, iii) that she suffered actual pecuniary losses stemming from Seterus's conduct. *Cocroft v. HSBC Bank USA, N.A.*, 796 F.3d 680, 687 (7th Cir. 2015).

For these reasons, as more fully discussed below, this Court should grant Defendants' Motion to Dismiss and dismiss Plaintiff's claims with prejudice and without leave to amend.

## Background

On or about February 26, 2008, IndyMac Bank, FSB extended Borrower a $229,900.00 loan ("Subject Loan") secured by a Mortgage encumbering the Subject Property. Compl., ¶ 9.

In or about March 2016, Borrower allegedly submitted another loss mitigation application to Seterus. *Id*. Seterus then allegedly sent Borrower correspondence confirming the loan modification application was "facially complete" on April 25, 2016, May 15, 2016, and May 16, 2016. *Id*., ¶¶ 10-12, Exs. A-C.

On May 17, 2016, Seterus filed a complaint to foreclose on the Subject Property. *Id*., ¶ 13.

On May 19, 2016, Seterus allegedly sent Borrower correspondence supposedly denying the loan modification application. *Id*., ¶ 14, Ex. D. Then, on May 20, 2016, Seterus supposedly contacted Borrower and offered her a "trial period modification plan requiring Borrower to submit three monthly $1,121.52 payments beginning with July 2016." *Id*., ¶ 15, Ex. E.

## Standard of Review

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain allegations that 'state a claim to relief that is plausible on its face.'" *See, e.g., McCauley v. City of Chicago*, 671 F. 3d 611, 615 (7th Cir. 2011). "A claim has a facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The plaintiff must "provide some specific facts to support the legal claims asserted in the complaint." *McCauley*, 671 F. 3d at 616. In evaluating a motion to dismiss, the court must consider "the complaint itself, documents attached to the complaint, documents that are critical to

the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The Seventh Circuit has repeatedly held that "where an exhibit conflicts with the allegations of the complaint, the exhibit typically controls." *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 645 (7th Cir. 2006); *accord Forrest v. Universal Sav. Bank, F.A.,* 507 F.3d 540, 542 (7th Cir. 2007). "Thus, a plaintiff 'may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment.'" *Massey*, 464 F.3d at 645, quoting *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005).

## Argument

### I. Plaintiff's First Count for Purported Violation of RESPA Fails.

Plaintiff erroneously argues that Seterus and Fannie Mae supposedly violated Section 1024.41 by allegedly mishandling her Application. Plaintiff is incorrect.

Initially, Plaintiff's purported RESPA claim fails as to Fannie Mae because Fannie Mae is not a "servicer" as defined by RESPA.

RESPA defines "Servicer" "as the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." *Collins v. First Fin. Servs.*, 2016 U.S. Dist. LEXIS 16322, at * 25 (E.D.N.C. 2016); quoting 12 U.S.C. § 2605(i)(2). "Servicing means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Id*. quoting 2605(i)(3); *see also Vassalotti v. Wells Fargo Bank, N.A.,* 732 F. Supp. 2d 503, 507 (E.D. Pa. 2010) ("RESPA imposes a duty on loan servicers…")

Moreover, courts uniformly reject that a loan holder can be vicariously liable for a loan

5

servicer's alleged RESPA violations. *See e.g.*, *Hawk v. Carrington Mortg. Servs.*, 2016 U.S. Dist. LEXIS 82411, (M.D Pa. 2016) ("Courts have rejected efforts to expand RESPA liability under §2605 beyond the limits expressly set by statute, which only governs loan servicers, and impose vicarious liability upon loan holders as well."); *Green v. Cent. Mortgage Co.*, 2015 U.S. Dist. LEXIS 161847 (N.D. Cal. 2015); *Bennett v. Nationstar Mortgage, LLC*, 2015 U.S. Dist. LEXIS 119014, (S.D. Ala. 2015); *McAndrew v. Deutsche Bank Nat. Trust Co.*, 977 F. Supp. 2d 440, 445 (M.D. Pa. 2013).

Here, Plaintiff's Complaint fails to include any allegations that Fannie Mae processed payments made toward the Subject Loan. *See generally*, Compl.

As a result, Plaintiff's attempt to hold Fannie Mae vicariously liable for Seterus's purported RESPA violations fails, as a matter of law.

In addition, Plaintiff's purported RESPA claim also fails, as to both Fannie Mae and Seterus, because a servicer is only required to comply with the requirements of 12 C.F.R. 1024.41 for a **single** complete loss mitigation application submitted after January 1, 2014. *See* 12 C.F.R. § 1024.41(i) ("A servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account."); 78 Fed. Reg. 10696-01, 10836 (Feb. 14, 2013) ("The Consumer Financial Protection Bureau believes that it is appropriate to limit the requirements in § 1024.41 to a review of a single complete loss litigation application. Specifically, the Bureau believes that a limitation ... to a single complete loss mitigation application provides appropriate incentives for borrowers to submit all appropriate information in the application …")

Here, Plaintiff submitted her Application in or about March 2016. *See* Compl., ¶¶ 9-12. On or about May 19, 2016, Seterus denied Plaintiff's Application. *See* Compl., Ex. D. In its denial

letter, Seterus explained that one of the reasons for denying Plaintiff's application was that it had previously modified Plaintiff's loan: "Your mortgage loan was previously modified under the Home Affordable Modification Program. The program does not allow more than one modification." *Id*. at p. 3.

Seterus's denial letter makes it clear that Plaintiff submitted a prior loss mitigation application, and received a prior loan modification, **before** she submitted her Application. As a result, Plaintiff's Application did not bar Seterus from filing the foreclosure complaint. *See* 12 C.F.R. § 1024.41(i).

Thus, Plaintiff's claim for supposed violation of RESPA fails as to both Seterus and Fannie Mae because a servicer is only required to comply with the requirements of 12 C.F.R. § 1024.41 for a **single** complete loss mitigation application. 12 C.F.R. § 1024.41(i).

Finally, even if RESPA did apply to Plaintiff's Application – and it plainly does not – Plaintiff's purported RESPA claim still fails because Plaintiff does not plead actual damages stemming from the alleged RESPA violation, as is required. *See* 12 U.S.C. § 2605(f)(1)(A); Catalan v. GMAC Mortg. Corp., 629 F.3d 676, 694 (7th Cir. 2010)..

Generally, "a § 1024.41(f) claim does not become ripe until the plaintiff has lost his or her property to foreclosure." *Simmons v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 105966, at * 10 (N.H. 2015); *Wenegieme v. Bayview Loan Servicing*, 2015 U.S. Dist. LEXIS 59950, at * 6 (S.D.N.Y. 2015).

Here, Plaintiff merely alleges that Seterus filed a foreclosure complaint. *See* Compl., ¶13. Nowhere does Plaintiff allege that she lost her property in foreclosure. *See generally, id.*

Similarly, Plaintiff's conclusory allegations of "credit damage, economic damage, emotional distress (i.e., confusion, frustration and humiliation) monetary loss; and mental distress"

also cannot support her purported RESPA claim. Compl., ¶30.

Although emotional damages may constitute actual damages, a plaintiff must first show that she had suffered a financial loss before being permitted to piggyback a claim for damages for incidental emotional distress. *See, e.g., Aiello v. Providian Fin. Corp.,* 239 F.3d 876, 881 (7th Cir. 2001). Moreover, "[t]he costs of bringing a RESPA action do not constitute actual damages." *Konieczka v. Wachovia Mortg. Corp.*, 2012 U.S. Dist. LEXIS 42675, at *7 (N.D. Ill. 2012) (collecting cases).

Plaintiff's generalized allegations of mental and emotional distress are simply not compensable under RESPA, absent a tangible financial loss. *Aiello,* 239 F.3d at 881. And, Plaintiff's allegations of vague credit damage, economic damage, and monetary loss are not specific enough to constitute actual damages. *McCauley*, 671 F. 3d at 616.

Accordingly, this Court should dismiss Plaintiff's first count against Fannie Mae and Seterus for supposed violation of RESPA, with prejudice.

## II. Plaintiff's Third Count for Purported Violation of the FDCPA Fails.

Plaintiff's purported claim against Seterus for supposed violation of the FDCPA similarly fails, as it is wholly reliant on a non-existent RESPA violation. Specifically, Plaintiff alleges that Seterus:

> (1) violated 15 U.S.C. § 1692e by falsely represented the amount owed on the Subject Loan at the time the Foreclosure Action was filed as Borrower's loan modification was pending; (2) violated 15 U.S.C. § 1692e(10) by using false representations in attempting to collect the Subject Loan balance as Borrower's loan modification was pending at the time Seterus filed the Foreclosure Action; (3) violated 15 U.S.C. § 1692f by using unconscionable means to collect the balance owed on Subject Loan because Borrower's loan modification was pending at the time Seterus filed the Foreclosure Action; and (4) violated 15 U.S.C. § 1692f by filing the Foreclosure Action while Borrower's loan modification application was pending.

Compl., ¶¶ 59-62.

The FDCPA prohibits entities qualifying as debt collectors from engaging in abusive, deceptive, or unfair act. *Gnurek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). For the FDCPA to apply, two threshold criteria must be met: 1) the defendant must qualify as a "debt collector"; and 2) the communication by the debt collector that forms the basis of the suit must have been made in connection with the collection of any debt. *Id.*

First, Plaintiff's purported FDCPA claims fail, as a matter of law, because Plaintiff does not plead facts showing that Seterus acted as a debt collector or began servicing Plaintiff's mortgage loan after Plaintiff defaulted on her mortgage payments. *See generally*, Compl. Instead, Plaintiff simply concludes that Seterus is a debt collector. *See id.*, ¶ 55. For this reason alone, Plaintiff's FDCPA claims fail. *See Friello v. Bank of N.Y.*, 2012 U.S. Dist. LEXIS 147728, *13-*14 (N.D. Ill. Oct. 15, 2012) (citing *Bailey v. Sec. Nat'l Servicing Corp.,* 154 F.3d 384, 387 (7th Cir. 1998) ("The plain language of § 1692a(6)(F) tells us that an individual is not a 'debt collector' subject to the Act if the debt he seeks to collect was not in default at the time he purchased (or otherwise obtained) it.")

And, here, each of Plaintiff's purported FDCPA claims turns on whether Section 1024.41 barred Seterus from filing the foreclosure complaint. Compl., ¶¶ 59-62.

As explained above, Section 1024.41 does not even apply to Plaintiff's Application, and Section 1024.41 did not bar Seterus's foreclosure complaint. *See* Compl., Ex. D; 12 C.F.R. § 1024.41(i). As a result, Seterus had no obligation to delay the start of the foreclosure proceeding until after it reviewed Plaintiff's Application. For this reason also, Plaintiff's FDCPA claims fail.

In addition, Plaintiff's claims that Seterus violated 15 U.S.C. §§ 1692f and 1692f(1), which prohibit a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," also fail.

"The filing of the collection lawsuit, standing alone, does not violate the FDCPA." *Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1022 (S.D. Ohio 2007). A debt collector that files suit expecting in good faith to prove its claim, even if he does not ultimately prevail, will not be liable under the FDCPA. *See Jenkins v. Centurion Capital Corp.*, 2009 U.S. Dist. LEXIS 98123 (N.D.Ill. 2009). "A debt collector may make a claim in bad faith, even where a debt is indisputably owed by a debtor and owned by a debt collector, where the debt collector has falsely represented its legal right to collect a debt." *Juarez v. Portfolio Recovery Assocs., LLC*, 2015 U.S. Dist. LEXIS 105746, at 9-10 (N.D. Ill. 2015).

In support of her Section 1692f and 1692f(1) claims, Plaintiff merely alleges that Seterus's filing of the foreclosure complaint violated the statute. *See* Compl., ¶¶ 61-62. Plaintiff does not allege any other conduct indicative of abusive, deceptive, or unfair acts that are the focus of the FDCPA. And, Seterus cannot be liable under the FDCPA for its filing of the foreclosure complaint. *Williams,* 480 F. Supp. 2d at 1022. For this reason alone, Plaintiff's FDCPA claim fails.

Moreover, Plaintiff's claims that Seterus supposedly violated 15 U.S.C. §§ 1692e and 1692e(10), which generally prohibits the "false, deceptive, or misleading representation in connection with the collection of any debt," similarly fail.

Generally, a servicer's decision to keep a foreclosure action open, despite a pending trial loan modification is not "the type of abusive debt collecting behavior that the FDCPA seeks to eliminate." *Glover v. Udren*, 2011 U.S. Dist. LEXIS 42135 at * 8 (W.D. Pen. 2011).

Here, Seterus did not undertake any unlawful or deceptive acts in violation of the FDCPA because it informed Plaintiff that the trial period payments will not affect foreclosure proceedings that have already been started. *See* Compl., Ex. E. And, Seterus repeatedly stated in correspondence to Plaintiff that "If your loan is delinquent, please be aware we are continuing our

10

efforts to collect the amounts owed on your loan." *See* Compl., Exs. A, B, and C.

Thus, Seterus did not make any false representations in connection with its filing of the foreclosure complaint. Plaintiff's purported Section 1692e and 1692e(10) claims fail.

Accordingly, this Court should dismiss Plaintiff's third count against Seterus for supposed violation of the FDCPA, with prejudice.

**III.     Plaintiff's Fourth Count for Purported Violation of ICFA Fails.**

Finally, Plaintiff's purported ICFA claim fails because Plaintiff does not allege: i) that Seterus engaged in an unfair or deceptive act or practice; ii) that she was actually deceived by Seterus; or, iii) that she suffered any actual pecuniary losses stemming from Seterus's conduct.

"To prevail on an ICFA claim, a plaintiff must show that (1) the defendant committed a deceptive or unfair act or practice; (2) the defendant intended for the plaintiff to rely on the unfair or deceptive act or practice; (3) the unfair or deceptive practice occurred in the course of trade or commerce; and (4) the unfair or deceptive conduct proximately caused the plaintiffs' injury." *Cocroft v. HSBC Bank USA, N.A.*, 796 F.3d 680, 687 (7th Cir. 2015). The Illinois statute defines deceptive or unfair acts or practices as those that use deception, fraud, false pretense, false promise, misrepresentation, or involve the concealment, suppression or omission of any material fact, with the intent that other rely upon the concealment. 815 ILCS 505/2.

In support of her purported ICFA claim, Plaintiff conclusorily alleges that "Seterus violated [ICFA] by filing its Complaint to Foreclose Mortgage when it was in receipt of Plaintiff's 'facially complete' loss mitigation application." Compl., ¶ 72. Plaintiff also concludes, without any basis, that Seterus "engaged in a systematic campaign of unlawful collection activity, as evidenced by [] complaints filed with the [CFPB] relating to 'collection, foreclosure, loan modification.'" *Id*., ¶73.

Initially, Plaintiff's unsupported allegation concerning alleged unrelated third-party

complaints filed with the CFPB is a red herring and cannot support Plaintiff's purported ICFA claim.

Importantly, Plaintiff fails to allege an unfair or deceptive act or practice by Seterus, as is required. *Cocroft*, 796 F.3d at 687 (7th Cir. 2015).

Seterus' decision to initiate the foreclosure action while reviewing Plaintiff's loss mitigation application does not constitute an unfair or deceptive act. Although Seterus allegedly informed Plaintiff that her application was facially complete, Seterus also explained that it would continue its efforts to collect amounts owed on the loan. *See* Compl., Exs. A, B, C. Seterus never told Plaintiff that her loss mitigation application would impede the foreclosure action. *Id.*

As a result, Plaintiff fails to allege any deception, fraud, or concealment of material fact, as is required for an ICFA violation. 815 ILCS 505/2; *Cocroft*, 796 F.3d at 687. For this reason alone, Plaintiff's purported ICFA claim fails.

Moreover, Plaintiff does not allege that she was actually deceived into supposedly believing that Seterus would not continue the foreclosure proceeding after she submitted her loss mitigation application. *See generally*, Compl., ¶¶ 66-75.

In order "to properly plead the element of proximate causation in a private cause of action for deceptive advertising brought under the Act, a plaintiff must allege that he was, in some manner, deceived." *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134; 776 N.E.2d 151, 155 (Ill. 2002). The "deception" must have proximately caused the plaintiff's damages. *Id.*

Here, Plaintiff merely concludes that Seterus' filing of the foreclosure action violates 815 ILCS 505/2. *Id.*, ¶ 72. However, Seterus's representations could not have deceived Plaintiff. Seterus repeatedly informed Plaintiff, in writing, that "[i]f your loan is delinquent, please be aware we are continuing our efforts to collect the amounts owed on your loan." Compl., Exs. A, B, C.

Seterus did not state that the loss mitigation application would impede the foreclosure action, in any way. *Id.*

Thus, Plaintiff fails to point to any deceptive statements made by Seterus. For this reason also, Plaintiff's purported ICFA claim fails.

Finally, Plaintiff fails to plead any pecuniary losses attributable to Seterus's conduct.

Notably, the actual damage element of a private ICFA action requires that the plaintiff suffer "actual pecuniary loss." *Mulligan v. QVC, Inc.*, 382 Ill. App. 3d 620, 628, 888 N.E.2d 1190 (1st Dist. 2008). "Allegations of anxiety, mental anguish, and emotional distress do not, by themselves, constitute damages under the ICFA." *Mehra v. Law Offices of Keith S. Shindler LTD.*, Case No. 14-cv-7506, 2015 U.S. Dist. LEXIS 56429, at * 8 (N.D. Ill. 2015), quoting, *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 403, 911 N.E.2d 1049 (1st Dist. 2009) (holding emotional damages are compensable under the Consumer Fraud Act only when they are part of a total award that includes actual economic damages).

Here, Plaintiff only conclusorily alleges that she suffered "credit damage, economic damage, emotional distress (i.e., confusion, frustration and humiliation) monetary loss; and mental distress." Compl., ¶ 74. However, Plaintiff's generalized allegations of mental and emotional distress are not compensable under the IFCA. *Mehra*, 2015 U.S. Dist. LEXIS 56429, at * 8 (N.D. Ill. 2015). And, Plaintiff's allegations of vague credit damage, economic damage, and monetary loss are not specific enough to constitute actual damages. *McCauley*, 671 F. 3d at 616.

Accordingly, this Court should dismiss Plaintiff's fourth count against Seterus for supposed violation of the ICFA, with prejudice.

WHEREFORE, Fannie Mae and Seterus respectfully request that the Court grant their motion, dismiss Counts I, III, and IV of Plaintiff's Complaint, with prejudice and without leave to amend, and that the Court grant such further relief as it deems just and appropriate.

Dated: September 6, 2016

Respectfully submitted,

**FEDERAL NATIONAL MORTGAGE ASSOCIATION AND SETERUS, INC.,**

By: /s/ Allan Z. Enriquez
Allan Z. Enriquez, Esq.
MAURICE WUTSCHER LLP
105 W. MADISON ST., 18TH FLOOR
Chicago, IL 60602
Phone: (312) 416-6170
Fax: (866) 581-9302
E-mail: aenriquez@mauricewutscher.com

**Certificate of Service**

The undersigned hereby certifies that on this **6th day of September, 2016**, a true and correct copy of the foregoing document and any related exhibits was served via CM/ECF on all interested parties.

s/ Allan Z. Enriquez