# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARMEN SANCHEZ,<br><br>  Plaintiff,<br><br>v.<br><br>JOHNSON BLUMBERG & ASSOCIATES, LLC and SETERUS, INC.<br><br>  Defendants. | Case No: 1:16-cv-07056<br><br>Honorable Andrea R. Wood |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

NOW COMES the Plaintiff, CARMEN SANCHEZ, by and through her attorneys, SULAIMAN LAW GROUP, LTD., in response to Defendants' Rule 12(b)(6) Motion to Dismiss, states as follows:

### INTRODUCTION

Plaintiff sets forth four counts in her Complaint. Count I alleges that Seterus, Inc. violated Section 1024.41(f) of Regulation X, which implements the Real Estate Settlement Procedures Act. Count II alleges that Johnson Blumberg & Associates, LLC violated Sections 1692e, e(2), e(5), e(10), f and f(1) of the Fair Debt Collection Practices Act. Count III alleges that Seterus, Inc. violated Sections 1692e, e(10), f and f(1) of the Fair Debt Collection Practices Act. Count IV alleges that Seterus, Inc. violated the Illinois Consumer Fraud and Deceptive Business Practices Act. On September 6, 2016, Seterus, Inc. filed its Rule 12(b)(6) Motion to Dismiss to dismiss Counts I, II and IV. On September 7, 2016, Johnson Blumberg & Associates, LLC's Motion to Join Co-Defendants' Federal National Mortgage Association and Seterus, Inc.'s Rule 12(b)(6) Motion to Dismiss was granted. Plaintiff requests the Court deny Defendants' Rule 12(b)(6) Motion to Dismiss or, in the alternative grant leave to file an amended complaint.

### LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the *** claim is and the grounds upon

1

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the *** claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. For purposes of this motion, this Court must read the complaint and assess its plausibility as a whole. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

**ARGUMENT**

**I.  The complaint adequately alleges conduct by Seterus, Inc. that violates 12 C.F.R. § 1024.41(f)**

Count I alleges a violation of 12 C.F.R. § 1024.41(f), a federal regulation pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f)(1)(A), which provides:

> If a borrower submits a complete loss mitigation application *** before a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process, a servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process.

Plaintiff's complaint alleges a violation of 12 C.F.R. § 1024.41(f) based on the claim that on April 25, 2016, May 15, 2016 and May 16, 2016, Seterus, Inc. acknowledged receipt of Plaintiffs "facially complete" loss mitigation application. Notwithstanding, on May 17, 2016, Federal National Mortgage Association[1], by and through its attorneys, Johnson Blumberg & Associates, LLC filed its complaint to foreclose mortgage. Seterus, Inc. argues that (1) section 1024.41(i) only requires a servicer to comply with section 1024.41 for

---

[1] Seterus, Inc. is a "servicer" for Federal National Mortgage Association as defined by 12 C.F.R. § 1024.2.

2

a single complete loss mitigation application, and that Plaintiff's mortgage loan was previously modified under the Home Affordable Modification Program; (2) Plaintiff fails to adequately allege actual damages; and (3) Plaintiff's Real Estate Settlement Procedures Act claim is not ripe on grounds that a section 1024.41(f) claim does not become ripe until the plaintiff has lost his or her property to foreclosure.

### A. Duplicative Requests.

The brief, one sentence provision currently in section 1024.41(f) provides:

(i) *Duplicative requests*. A servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account.

Seterus, Inc. argues section 1024.41(i) only requires a servicer to comply with section 1024.41 for a single complete loss mitigation application, and that Plaintiff's mortgage loan was previously modified under the Home Affordable Modification Program. Seterus, Inc.'s argument misinterprets the statute. Here, Plaintiff's mortgage loan was previously modified under the Home Affordable Modification Program – by Seterus, Inc.'s predecessor, Ocwen Loan Servicing, LLC. *See* Exhibit A, a true and correct copy of the Home Affordable Modification Agreement. A transferee servicer is required to comply with the requirements of section 1024.41 regardless of whether a borrower received an evaluation of a complete loss mitigation application from a transferor servicer. *See* Official Interpretations to Regulation X, ¶ 41(i)-1. When interpreting administrative rules, courts give deference to an agency's construction of its own regulation, which is "controlling unless 'plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997) (quoting *Robertson v. Methow Valley Citizens Counsel*, 490 U.S. 332, 359, 109 S. Ct. 1835, 104 L. Ed. 2d 351 (1989)). Seterus, Inc. has provided the court with no reason to call into question the Consumer Financial Protection Bureau's interpretation of § 1024.41(i). Federal courts have consistently held that servicers must "comply with the requirements of section 1024.41 at least once after section 1024.41 became effective." *Bennett v. Bank of Am., N.A.*, 2016 U.S. LEXIS 60515, 2016 WL 2610238, at *2 (M.D. Fla. May 6, 2016); *see also Bennett v. Bank of Am.*, 126 F. Supp. 3d 871 (E.D. Ky. 2015). The loan modification application to which Seterus, Inc. points was

submitted in 2015 – to Ocwen Loan Servicing, LLC. It cannot alleve Seterus, Inc. of their obligations under the regulations.

      **B.**     **Actual Damages**

Defendant also claims that Plaintiff fails to adequately allege actual damages. Under section 6 of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f), a plaintiff's demand for relief is limited to damages that are derived from any violations of actual damages and the borrower's costs and attorneys fees. However, the requirement of actual damages does not confine a plaintiff to pecuniary losses only. *See Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 696 (7th Cir. 2011); *Hrubec v. Nat'l R.R. Corp.*, 829 F. Supp. 1502, 1505 (N.D. Ill. 1993). If properly stated in the complaint, non-pecuniary damages are available as actual damages under the Real Estate Settlement Procedures Act because of the statute's purpose as a consumer protection statute. *See Ploog v. HomeSide Lending, Inc.*, 209 F. Supp. 2d 863, 870 (N.D. Ill. 2002); *cf. Konieczka v. Wachovia Mortg. Corp.*, 2012 U.S. Dist. LEXIS 42675, 2012 WL 1049910, at *4 (N.D. Ill. 2012) (quoting *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 881 (7th Cir. 2001) (holding that because Plaintiffs did not allege a pecuniary loss, Plaintiffs had consequently not pled actual damages sufficient to raise the possibility of relief above the speculative level)); *Lane v. Vitek Real Estate Industries Group*, 713 F. Supp. 2d 1092 (E.D. Cal. 2010) ("Although [§ 2605(f)] does not explicitly make a showing of damages part of the pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim.") (quoting *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009)).

Additionally, when basing a claim on actual damages, the plaintiff has the responsibility to set forth a causal link between the defendant's violation and the plaintiff's injuries. *McLean v. GMAC Mortg. Corp.*, 398 Fed. Appx. 467, 471 (11th Cir. 2010); *Straker v. Deutsche Bank National Trust*, 2012 U.S. Dist. LEXIS 187379, 2012 WL 7829989, at *11 (M.D. Pa. 2012); *Gorbaty v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 55284, 2012 WL 1372260, at *5 (E.D.N.Y. 2012) ("A plaintiff seeking actual damages under section 2605 must allege that the damages were proximately caused by the defendant's violation of the Real Estate Settlement Procedures Act.") In sum, failing to plead actual damages is fatal to a Real Estate

4

Settlement Procedures Act claim. *Koieczka v. Wachovia Mortg. Corp.*, 2012 U.S. Dist. LEXIS 42675, 2012 WL 1049910 at *4 (N.D. Ill. 2012). This fatality occurs when a court is unable to find an allegation of actual damages causally connected to the alleged Real Estate Settlement Procedures Act violation.

Plaintiff cites *Johnstone v. Bank of America*, 173 F. Supp. 2d 809 (N.D. Ill. 2001), claiming that section 2605(f) allows a plaintiff to recover for time spent attempting to resolve issues raised by a wrongfully filed foreclosure action and for their inconvenience. *Johnstone*, 173 F. Supp. at 816. In *Johnstone*, the court held that the plaintiff had stated a claim for actual damages under 12 U.S.C. § 2605(f), "with regard to mental anguish, late fees, the foreclosure, and her time spent on the case." *Id*. at 817. The complaint in *Johnstone* concretely alleged a causal connection between the defendant's alleged Real Estate Settlement Procedures Act violation:

> As a result of Bank of America violating § 2605(e) by (1) failing to correct her problem within 60 days and (2) reporting plaintiff as delinquent to a credit bureau or bureaus within 60 days from receiving Ms. Johnstone's letter which disputed the amount of the debt. Ms. Johnstone has *** (3) has paid late fees; (4) Bank of America has foreclosed on her property, which seeks attorney fees.

*Id*. at 814 (emphasis added).

When determining whether a plaintiff has plausibly alleged actual damages, the Court draws all reasonable inferences in Plaintiff's favor for the purpose of this motion. In ¶ 24, Plaintiff states that Seterus, Inc. violated 12 C.F.R. §1024.41(f) by filing its complaint to foreclose mortgage, notwithstanding the fact that on April 25, 2016, May 15, 2016 and May 16, 2016, Seterus, Inc. acknowledged receipt of Plaintiff's "facially complete" loss mitigation application. In ¶ 30, Plaintiff states how the alleged Real Estate Settlement Procedures Act violation was causally connected to the claimed actual damages. Consequently, Plaintiff's complaint claims actual damages under the Real Estate Settlement Procedures Act.

    **C.**    **Ripeness**

Finally, Seterus, Inc. argues that Plaintiff's Real Estate Settlement Procedures Act claim is not ripe on grounds that a section 1024.41(f) claim does not become ripe until the plaintiff has lost his or her property to foreclosure. Ripeness is a justiciability doctrine derived from "Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Nat'l Park Hospitality Ass'n v. Dep't of*

*Interior*, 538 U.S. 803, 807-808, 123 S. Ct. 2026, 155 L. Ed. 2d 1017 (2003) (quoting *Reno v. Catholic Social Servs., Inc.*, 509 U.S. 43, 53, 113 S. Ct. 2485, 125 L. Ed. 2d 38 (1993)); *see Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F. 3d 998, 1002 (7th Cir. 2004). The Supreme Court has held that a "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or may not occur at all." *Texas v. United States*, 523 U.S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998). Despite Defendant requesting dismissal under Fed. R. Civ. P. 12(b)(6), the issue of ripeness is a question of subject matter jurisdiction, and best analyzed under Rule 12(b)(1). *See Union Tank Car Co. v. Aerojet-General Corp.*, 2005 U.S. Dist. LEXIS 21751, 2005 WL 2405802 at *2 (N.D. Ill. 2005). Under 12(b)(1) analysis, the Court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in plaintiff's favor." *United Transp. Union v. Gateway Western Ry. Co.*, 78 F. 3d 1208, 1210 (7th Cir. 1996).

Defendant fails to cite binding authority that illustrates 12 C.F.R. § 1024.41(1) has a requirement of losing property in order to be deemed ripe. Simply stated, there is no requirement. Under 12 U.S.C. § 2605(f), damage occurs when a party fails to comply with any provision of the Real Estate Settlement Procedures Act. There is no text that indicates the taking of property is the only way to fail to comply with any of the Real Estate Settlement Procedures Act's provisions. Additionally, "the express terms of the Real Estate Settlement Procedures Act clearly indicate that the Real Estate Settlement Procedures Act is, in fact, a consumer protection statute." *Johnstone*, 173 F. Supp. 2d at 816. Numerous courts have held that "consumer protection statutes are to be interpreted broadly in order to give effect to their remedial purposes." *Katz v. Dime Sav. Bank, FSB*, 992 F. Supp. 250, 255-256 (W.D.N.Y. 1997).

Seterus, Inc. cites *Wenegieme v. Bayview Loan Servicing*, 2015 U.S. Dist. LEXIS 59950, 2015 WL 2151822 (S.D.N.Y. 2015) and *Simmons v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 105966, 2015 WL 4759441, at *4 (D.N.H. 2015) to argue that Plaintiff's Real Estate Settlement Procedures Act claim is not ripe on grounds that a section 1024.41(f) claim does not become ripe until the plaintiff has lost his or her property to foreclosure. Seterus, Inc.'s reliance is misplaced. In *Wenegieme*, the United States District Court for the Southern District of New York held that "since [the Wenegieme's] claim for damages is

6

contingent on a negative outcome in a proceeding that is currently ongoing – and that they may yet win – the Wenegiemes' dual tracking claim under 12 C.F.R. § 1024.41(f) is premature." Similarly, in *Simmons*, the United States District Court for the District of New Hampshire held that Simmons's claim is consistent with the contingent nature of Wenegieme's claim in that "[Simmons] will lose the value of all of that time and the money spent making copies and sending documents over and over again to the defendant *if* the defendant is allowed to [foreclose] prior to completing the loss mitigation process." *Simmons*, 2015 U.S. Dist. LEXIS 105966, at *10. Here, however, Plaintiff is seeking damages for the credit damage, economic damage, emotional distress (e.g., confusion, frustration and humiliation) monetary loss and mental distress already incurred in having to defend themselves against a wrongful foreclosure that will eventually be dismissed – as a result of Plaintiff's performance under the May 20, 2016 Trial Period Plan. Under these circumstances, the taking of property is not required for Plaintiff's claimed violation of the Real Estate Settlement Procedures Act to be ripe.

**II.  The complaint adequately alleges conduct by Johnson Blumberg & Associates, LLC and Seterus, Inc. that is "deceptive, false, misleading, unconscionable and unfair" within the meaning of the Fair Debt Collection Practices Act.**

To state a claim under the Fair Debt Collection Practices Act, Plaintiff must allege that (1) Johnson Blumberg & Associates, LLC and Seterus, Inc. qualify as a debt collector as defined in 15 U.S.C. § 1692a(6); (2) the actions of which Plaintiff complains were taken in connection with the collection of any debt; and (3) the actions of which Plaintiff complains violated one of the Fair Debt Collection Practices Act's substantive provisions. *See Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010); *see also, e.g., Kabir v. Freedman Anselmo Lindberg LLC*, No. 14 C 1131, 2015 WL 4730053, at *2 (N.D. Ill. 2015). While Johnson Blumberg & Associates, LLC does not dispute that it qualifies as a debt collector as defined in 15 U.S.C. § 1692a(6), Seterus, Inc. curiously maintains that Plaintiff fails to allege that Seterus, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Likewise, neither Johnson Blumberg & Associates, LLC nor Seterus, Inc. dispute that the actions of which Plaintiff complains were taken in connection with the collection of Plaintiff's mortgage loan. Rather, Johnson Blumberg & Associates, LLC

and Seterus, Inc. argue that the actions of which Plaintiff complains do not violate one of the Fair Debt Collection Practices Act's substantive provisions.

Plaintiff alleges that Johnson Blumberg & Associates, LLC and Seterus, Inc. violated 15 U.S.C. §§ 1692e, e(2), e(5), e(10), f and f(1). Specifically, Plaintiffs allege that Johnson Blumberg & Associates, LLC and Seterus, Inc. violated 15 U.S.C. §§ 1692e, e(2) and 1692(e)(10) by using false, deceptive or misleading representations (and/or means) in connection with the collection of Plaintiff's mortgage loan. Plaintiff further alleges that Johnson Blumberg & Associates, LLC violated 15 U.S.C. § 1692e(5) by *threatening* to take actions – (a) a judgment of foreclosure and sale; (b) an order granting a shortened redemption period; (c) a personal judgment for a deficiency; (d) an order granting possession; (e) an order placing the mortgagee in possession or appointing a receiver; and (f) a judgment for attorneys' fees, costs and expenses in its complaint to foreclose mortgage – that could legally not be taken. Moreover, Plaintiff alleges that Johnson Blumberg & Associates, LLC and Seterus, Inc. violated 15 U.S.C. § 1692f and f(1) by using unfair or unconscionable means to collect or attempt to collect Plaintiff's mortgage loan; namely by filing a complaint to foreclose mortgage notwithstanding Plaintiff's complete loss mitigation application, in violation of 12 C.F.R. § 1024.41(f); and therefore, not permitted by law. These actions, are what Plaintiffs alleges to be deceptive, false, misleading, unconscionable and unfair. Although Plaintiff's mortgage loan may well exist, it is Johnson Blumberg & Associates, LLC and Seterus, Inc.'s choice to collect Plaintiff's mortgage loan through improper means that is at issue in this case. Suffice it to say that Plaintiff' allegations are sufficient at this early stage.

**III. The complaint adequately alleges conduct by Seterus, Inc. that is "unfair" with the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act.**

The Illinois Consumer Fraud and Deceptive Business Practices Act is a "regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp*., 201 Ill.2d 403, 775 N.E.2d 951, 960, 266 Ill. Dec. 879 (Ill. 2002). The statute provides redress for deceptive business practices and also for business practices that, while not deceptive, are unfair. *See Wigod v. Wells*

*Fargo Bank, N.A.*, 673 F.3d 547, 574-75 (7th Cir. 2012). "The [Illinois Consumer Fraud and Deceptive Business Practices] Act is 'liberally construed to effectuate its purpose.'" *Wigod*, 673 F.3d at 574 (quoting *Robinson*, 775 N.E.2d at 960). Plaintiff submits that Seterus, Inc.'s actions were unfair.

To determine whether a business practice is unfair, the court considers "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Robinson*, 775 N.E.2d at 961 (citing *FTC v. Sperry & Hutchinson Co.*, 405 UU.S. 233, 244 n.5, 92 S. Ct. 898, 31 L. Ed. 2d 170 (1972)). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Id.; see also Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 669 (7th Cir. 2008). Unfairness under the Illinois Consumer Fraud and Deceptive Business Practices Act "depends on a case-by-case analysis." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010). "Because neither fraud nor mistake is an element of unfair conduct under the Illinois Consumer Fraud and Deceptive Business Practices Act, a cause of action for unfair practices under the Illinois Consumer Fraud and Deceptive Business Practices Act need only meet the notice pleading standard of Rule 8(a), not the particularity requirement of Rule 9(b)." *Windy City Metal Fabricators & Supply, Inc.*, 536 F.3d at 670.

The complaint adequately alleges conduct by Seterus, Inc. that is "unfair" with the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act. Seterus, Inc. argues that Plaintiff fails to allege unfair or deceptive business practices. A practice that attempts to circumvent the foreclosure process law is against the public policy of Illinois. *See Boyd v. U.S. Bank, N.A.*, *ex rel. Sasco Aames Mortg. Loan Trust*, 787 F. Supp. 2d 747, 752 (N.D. Ill. 2011) ("a plaintiff may prove an Illinois Consumer Fraud and Deceptive Business Practices Act unfairness claim by showing that the challenged practices offends public policy," and "a practice can offend public policy if it violates a standard of conduct contained in an existing statute or common law doctrine that typically applies to such a situation") (internal quotation marks and citations omitted) (citing cases); *see also Sperry & Hutchinson Co.*, 405 U.S. at 244 n.5 (in determining whether a practice is "unfair," the Federal Trade Commission considers "whether the practice, without

9

necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise – whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness"); *People ex rel. Hartigan v. Knecht Servs., Inc.*, 216 Ill. App. 3d 843, 575 N.E.2d 1378, 1385, 159 Ill. Dec. 318 (Ill. App. 1991) ("the Illinois legislature has specifically stated that, in construing section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission At") (internal quotation marks omitted). The particular tactics alleged used by Seterus, Inc. – filing a complaint to foreclose mortgage notwithstanding Plaintiff's complete loss mitigation application – were "immoral, unethical, oppressive, and unscrupulous." Seterus, Inc.'s alleged conduct also violated other laws; namely, 12 C.F.R. § 1024.41(f). Because Seterus, Inc.'s alleged acts violated the Real Estate Settlement Procedures Act, the complaint states a viable Illinois Consumer Fraud and Deceptive Business Practices Act unfairness claim. *See Reed v. Farmers Ins. Group*, 188 Ill. 2d 168, 720 N.E.2d 1052, 1057, 242 Ill. Dec. 97 (Ill. 1999) ("The public policy of the state is found in its constitution, its statutes, and its judicial decisions."); *Ekl v.Knecht*, 223 Ill. App. 3d 234, 585 N.E.2d 156, 163, 165 Ill. Dec. 760 (Ill. App. 1991) (holding that a court addressing an Illinois Consumer Fraud and Deceptive Business Practices Act unfairness claim must consider whether the challenged practice "offends public policy as established by statutes, the common law or otherwise"); *Boyd*, 787 F. Supp. 2d at 752.

Alternatively, Seterus, Inc. argues that Plaintiff cannot show that they suffered actual damages as required by the Illinois Consumer Fraud and Deceptive Business Practices Act. To show actual damages, "plaintiff must [show] that she has been harmed in a concrete, ascertainable way …. [D]efendant's alleged deception must have affected plaintiff in a way that made her tangibly worse off." *Wiegel v. Stork Craft Mfg.*, 780 F.Supp.2d 691, 694 (N.D. Ill. 2011) citing *Frye v. L'Oreal USA, Inc.*, 583 F. Supp. 2d 954, 957 (N.D. Ill. 2008) (quotation marks omitted); *see also Wigod.* 673 F.3d at 575 ("Wigod's allegations that she incurred costs and fees, lost other opportunities to save her home, suffered a negative impact to her credit, never received a Modification Agreement, and lost her ability to receive incentive payments during the first

five years of the modification…. By the time Wigod realized she would not receive the permanent modification she believed she had been promised, late fees had mounted and she found herself in default on her loan and with fewer options than when the trial began…. Her allegations [of pecuniary loss under the Illinois Consumer Fraud and Deceptive Business Practices Act] are at least plausible." *Id.*

Seterus, Inc.'s reasoning apparently overlooks Plaintiff's allegations of economic damages – specifically, time and money retaining counsel to deal with wrongful foreclosure proceedings – resulting from Seterus, Inc.'s unfair conduct. Again, a cause of action for unfair practices under the Illinois Consumer Fraud and Deceptive Business Practices Act need only meet the notice pleading standard of Rule 8(a), not the particularity requirement of Rule 9(b). *See Windy City Metal Fabricators & Supply, Inc.,* 536 F.3d at 670 (holding that a cause of action for unfair practices under the Illinois Consumer Fraud and Deceptive Business Practices Act need only meet the notice pleading standard of Rule 8(a)). Plaintiff's complaint need only provide a short and plan statement of the claim that shows, through its allegations, that recovery is plausible rather than merely speculative. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court deny Defendants' Rule 12(b)(6) Motion to Dismiss or, in the alternative grant leave to file an amended complaint

Dated: October 5, 2016                                                          Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
+1 630-575-8181
jdavidson@sulaimanlaw.com

*Counsel for Carmen Sanchez*

**CERTIFICATE OF SERVICE**

      I, Joseph Scott Davidson, an attorney, hereby certify that on October 5, 2016, the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS** was filed with the Clerk of the Court of the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
+1 630-575-8181
jdavidson@sulaimanlaw.com

*Counsel for Carmen Sanchez*