UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARMEN SANCHEZ

   Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, JOHNSON
BLUMBERG & ASSOCIATES, LLC
and SETERUS, INC.,

   Defendant.

_____/

Case No. 16-CV-07056

Honorable Andrea R. Wood
Judge Presiding

# REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNTS I, III, AND IV OF PLAINTIFF'S COMPLAINT

Defendants Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc. ("Seterus") (collectively, "Defendants"), by their counsel, submit this Reply to Plaintiff Carmen Sanchez's ("Plaintiff") Response to Defendants' Motion to Dismiss Counts I, III, and IV of the Complaint filed by Plaintiff.

## I. Plaintiff Fails to State a Claim for Violation of RESPA.

Defendants' motion to dismiss explained that Plaintiff's purported claim for supposed violation of RESPA fails as a matter of law because Plaintiff impermissibly seeks to apply Regulation X's loss mitigation review procedures to a **subsequent** loss mitigation application. Defendants separately pointed out that Plaintiff failed to allege cognizable damages in support of her purported RESPA claim. And, Defendants established that Plaintiff's purported RESPA claim automatically fails as to Fannie Mae because Fannie Mae is not a "servicer" as defined by RESPA.

Initially, Plaintiff wholly fails to even address Defendants' argument with respect to Fannie Mae's status as a "non-servicer." *See generally*, Response. And, Plaintiff's Response does not –

and cannot – argue that RESPA applies to non-servicers, such as Fannie Mae. *See e.g.*, *Hawk v. Carrington Mortg. Servs.*, 2016 U.S. Dist. LEXIS 82411, (M.D Pa. 2016) ("Courts have rejected efforts to expand RESPA liability under §2605 beyond the limits expressly set by statute, which only governs loan servicers, and impose vicarious liability upon loan holders as well.")

Accordingly, this Court should grant Defendants' motion to dismiss, in its entirety, with respect to Fannie Mae (Counts II-IV are not directed at Fannie Mae).

In addition, Plaintiff's purported RESPA claim separately fails because 12 C.F.R. § 1024.41 does not even apply to subsequent loss mitigation applications, such as the application at issue here.

In response, Plaintiff erroneously argues that Defendants' motion to dismiss and the exhibits attached to her Complaint merely reference a prior application which Plaintiff submitted to Ocwen Loan Servicing, LLC ("Ocwen"), and not to Seterus. Plaintiff is incorrect.

Importantly, Plaintiff does not – and cannot – argue that the loss mitigation application at issue was the first application she submitted to Seterus. Instead, Plaintiff merely argues that she previously received a loan modification from a prior servicer. *See* Response, pp. 3-4.

This distinction is critical because a servicer is only required to comply with the loss mitigation application requirements for a single complete loss mitigation application for a borrower's mortgage loan account. 12 C.F.R. § 1024.41(i); 78 Fed. Reg. 10696-01, 10836 (Feb. 14, 2013) ("The Consumer Financial Protection Bureau believes that it is appropriate to limit the requirements in § 1024.41 to a review of a single complete loss litigation application. Specifically, the Bureau believes that a limitation ... to a single complete loss mitigation application provides appropriate incentives for borrowers to submit all appropriate information in the application …").

Notably, Plaintiff attached to her Complaint correspondence from Seterus dated May 19,

2016 that states that Plaintiff previously submitted at least one complete loss mitigation application, through the Home Affordable Modification Program ("HAMP"). *See* Compl., Ex. D. Seterus's May 19, 2016 letter does not mention another servicer, or any conduct by another servicer that had an effect on Seterus's decision concerning the loss mitigation application at issue. *Id.* And, nowhere does Plaintiff allege, or even argue, that she submitted only one loss mitigation application to Seterus.

Plaintiff's Response asks this Court, without any legal basis, to consider a loan modification agreement she supposedly received from Ocwen. *See* Response, Ex. A. Plaintiff attempts to use this Ocwen modification to argue that Seterus's May 19, 2016 letter refers to an application she submitted to Ocwen before receiving the loan modification. Plaintiff's argument fails because she cannot introduce this document for the first time with her Response.

Generally, a district court may not consider any material outside the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6). *Cooper v. Pickett*, 122 F.3d 1186, 1192 (9th Cir. 1997). A document is outside the complaint if its contents are not alleged in the complaint. Id. Here, the Complaint does not mention Ocwen or any loss mitigation applications submitted to Ocwen. *See* Compl.

Thus, this Court need not consider the purported Ocwen application in ruling on Defendants' motion to dismiss because this document does not clarify the allegations actually made in the Complaint. *Cooper*, 122 F.3d at 1192.

The facts here are simple: Plaintiff does not allege that the loss mitigation application at issue was the first loss mitigation application she submitted to Seterus, and exhibits attached to Plaintiff's Complaint reveal that it is a **subsequent** loss mitigation application.

For this reason, this Court should dismiss Plaintiff's purported RESPA claim.

Furthermore, even if Plaintiff could allege that Defendants violated RESPA – and she plainly cannot – her purported RESPA claim still fails because she does not allege any pecuniary losses caused by the supposed RESPA violation.

In her response, Plaintiff argues that non-pecuniary damages are available under RESPA. *See* Response, pp. 4-5. Plaintiff's argument misses the mark.

Although emotional damages may constitute actual damages, a plaintiff must first show that she had suffered a financial loss before being permitted to piggyback a claim for damages for incidental emotional distress. *See, e.g., Aiello v. Providian Fin. Corp.,* 239 F.3d 876, 881 (7th Cir. 2001). Moreover, "[t]he costs of bringing a RESPA action do not constitute actual damages." *Konieczka v. Wachovia Mortg. Corp.*, 2012 U.S. Dist. LEXIS 42675, at *7 (N.D. Ill. 2012) (collecting cases).

Plaintiff's reliance on *Johnstone v. Bank of America, N.A.* is also misplaced. In *Johnstone*, the plaintiff alleged that she paid late fees as a result of an alleged RESPA violation. *See Johnstone v. Bank of America, N.A.,* 173 F.Supp. 2d 809, 814 (N.D. Ill. 2001). The *Johnstone* court pointedly distinguished *Aiello* based on the plaintiff's out-of-pocket pecuniary losses:

> "The *Aiello* court itself acknowledged that 'if [the plaintiff] could show that she had suffered … a financial loss, she might be permitted to piggyback a claim for damages for incidental emotional distress.' In this case, the court has already concluded that [plaintiff] has stated a claim for financial loss through her claims for late fees and the foreclosure proceedings."

*Id.*, 816.

Here, Plaintiff merely alleges in wholly conclusory fashion that she suffered "credit damage, economic damage, emotional distress (i.e., confusion, frustration and humiliation) monetary loss; and mental distress." Compl., ¶ 30. As explained in Defendants' motion to dismiss, generalized allegations of mental and emotional distress are simply not compensable under

RESPA, absent a tangible loss. *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 881 (7th Cir. 2001).

Thus, Plaintiff fails to allege cognizable damages in support of her purported RESPA claim because her Complaint does not provide sufficient allegations as to a financial loss and provides only conclusory allegations as to mental and emotional distress.

Finally, Plaintiff completely fails to allege any causal connection between her supposed damages and the alleged RESPA violation, as is required. *See Stephens, et al v. Capital One, N.A.*, 2016 U.S. Dist. LEXIS 120450 (N.D. Ill. Sept. 7, 2016).

Plaintiff's Response circuitously argues that Seterus "violated 12 C.F.R. § 1024.41(f) by filing its complaint to foreclose mortgage" and therefore "Plaintiff states how the alleged Real Estate Settlement Procedures Act violation was causally connected to the claimed actual damages." Response, p. 5. Like the plaintiff in *Stephens*, Plaintiff fails "to state how the alleged RESPA violation was causally connected to the claimed actual damages." *Stephens*, 2016 U.S. Dist. LEXIS 120450, *9-10.

Accordingly, this Court should grant Defendants' motion to dismiss and dismiss Plaintiff's purported claim for supposed violation of RESPA with prejudice and without leave to amend.

## II. Plaintiff Does Not Allege Facts to Support FDCPA Violations.

This Court should also dismiss Plaintiff's purported FDCPA claim because Plaintiff's Response does not even address Defendants' argument that the Complaint fails to allege "deceptive, false, misleading, unconscionable and unfair" conduct within the meaning of the Fair Debt Collection Practices Act.

Instead, Plaintiff's Response simply recites the conclusory allegations of Plaintiff's Complaint. *See* Response, pp. 7-8. Plaintiff does not explain which of Seterus's supposed communications, if any, constituted false, deceptive, or misleading representations. *Id.* Plaintiff does not describe when such alleged communications occurred. *Id.* Plaintiff does not even

mention what specific methods used by Seterus violated the FDCPA. *Id.*

Plaintiff argues that she has satisfied her pleading burden because she alleges that "Seterus, Inc. violated 15 U.S.C. §§ 1692d, e(2) and 1692(e)(10) by using false, deceptive or misleading representations (and/or means) in connection with the collection of Plaintiff's mortgage loan." Response, p. 8. Plaintiff is wrong.

Plaintiff cannot allege an FDCPA claim merely by reciting the language of the FDCPA. Plaintiff's statutory recitations do not satisfy the pleading requirements Fed. R. Civ. P. 8(a). *See, e.g., McCauley v. City of Chicago*, 671 F. 3d 611, 615 (7th Cir. 2011). And, Plaintiff's failure to assert specific allegations in support of her purported FDCPA claim indicates that Plaintiff's claim is wholly reliant on a non-existent RESPA.

Moreover, as explained in Defendants' motion to dismiss, the filing of a collection lawsuit, standing alone, does not violate the FDCPA. *Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Sup. 2d 1016, 1022 (S.D. Ohio 2007).

Accordingly, this Court should grant Defendants' motion to dismiss and dismiss Plaintiff's purported claim for supposed violation of the FDCPA with prejudice and without leave to amend.

## III. Plaintiff's Purported ICFA Claim Fails, As a Matter of Law.

Finally, this Court should also dismiss Plaintiff's purported ICFA claim. As explained in Defendants' motion, Plaintiff's purported ICFA claim fails because she does not allege: i) that Seterus engaged in an unfair or deceptive act or practice; ii) that she was actually deceived by Seterus; or, iii) that she suffered any actual pecuniary losses stemming from Seterus's conduct.

In her response, Plaintiff fails to provide any legal support for her argument that filing a foreclosure action after the submission of a complete loss mitigation application is "immoral, unethical, oppressive, and unscrupulous." Response, pp. 8-10. Simply put, Plaintiff relies solely on her failed RESPA claim as the sole basis for her purported ICFA claim.

Similarly, Plaintiff does even address Defendants' argument that she failed to allege that she was actually deceived by Seterus. *See generally,* Response.

For these reasons alone, this Court should dismiss Plaintiff's purported ICFA claim.

Furthermore, the actual damage element of a private ICFA action requires that the plaintiff suffer "actual pecuniary loss." *Mulligan v. QVC, Inc.*, 382 Ill. App. 3d 620, 628, 888 N.E.2d 1190 (1st Dist. 2008). Here, Plaintiff is unable to allege any actual damages under ICFA because she fails to allege any conduct that she undertook or failed to take as a result of Seterus's action. *See generally,* Compl. And, Plaintiff fails to allege any pecuniary losses, let alone losses proximately caused by supposedly unfair conduct. *Id*.

For this reason also, this Court should dismiss Plaintiff's purported ICFA claim.

Accordingly, this Court should grant Defendants' motion to dismiss and dismiss Plaintiff's purported claim for supposed violation of the ICFA with prejudice and without leave to amend.

## Conclusion

For the foregoing reasons, Fannie Mae and Seterus respectfully request that this Court grant their Motion to Dismiss as to Counts I, II, and III.

Dated: October 19, 2016         Respectfully submitted,

**FEDERAL NATIONAL MORTGAGE ASSOCIATION AND SETERUS, INC.,**

By:   /s/ Allan Z. Enriquez
      Allan Z. Enriquez, Esq.
      MAURICE WUTSCHER LLP
      105 W. MADISON ST., 18TH FLOOR
      Chicago, IL 60602
      Phone: (312) 416-6170
      Fax: (866) 581-9302
      E-mail: aenriquez@mauricewutscher.com

## Certificate of Service

      The undersigned hereby certifies that on this **19th day of October, 2016**, a true and correct copy of the foregoing document and any related exhibits was served via CM/ECF on all interested parties.

                                                                    /s/ Allan Z. Enriquez