IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARMEN SANCHEZ

    Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, JOHNSON, BLUMBERG &
ASSOCIATES, and SETERUS, INC.

    Defendants.

Case No. 1:16-cv-07056

Judge: Hon. Andrea R. Wood

Magistrate Judge: Hon. Young B. Kim

## **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, JOHNSON, BLUMBERG & ASSOCIATES, LLC ("JBA"), by and through its attorneys, Justin M. Penn and Jason L. Santos, hereby moves this Court to dismiss Count II of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, JBA states as follows:

It is now clear that the entirety of Plaintiff's claim against JBA is based upon the sole allegation against JBA – that it filed a mortgage foreclosure lawsuit. Complaint, ¶13. Plaintiff fails in his response to articulate what specific representation was false, deceptive or misleading (in violation of Section 1692e of the FDCPA) and what was unfair or unconscionable (in violation of Section 1692f of the FDCPA). Instead, Plaintiff concludes that he adequately plead that JBA violated the FDCPA by "*threatening* to take actions" that it could not legally take. Pltf's Response at p. 8 (emphasis in original).

To be clear, Section 1692e(5) of the FDCPA only precludes a "threat to take any action," while Plaintiff claim that JBA actually took the action of filing the foreclosure action. Complaint, It is well settled that actually taking an action, even an unlawful action, cannot serve as the basis for a Section 1692e(5) claim. *See Bravo v. Midland Credit Mgmt., Inc.,* No. 14 C

4510, 2014 WL 6980438, at *3 (N.D.Ill. Dec. 9, 2014) (dismissing § 1692e(5) claim based on purported collection letters sent to plaintiff after defendant forgave the debts because "[b]y its plain terms, § 1692e(5) prohibits only the *threat* of unlawful action, not the unlawful action *itself,* the complaint, by contrast, alleges that Midland *took* unlawful action") (emphasis in original). The *Bravo* court noted that several opinions from district courts in this circuit hold similarly. *Id.* (citing *Thompson v. CACH, LLC,* 2014 WL 5420137, at *4 (N.D.Ill. Oct. 24, 2014) ("threats in and of themselves ... animate § 1692e(5), not what unfolds following the taking of a debt collection action"); *Fick v. Am. Acceptance Co., LLC,* 2012 WL 1074288, at *4 (N.D.Ind. Mar. 28, 2012) ("The plain language of the statute makes clear that the prohibition extends only to threats to take action that cannot be legally taken ..., but not illegal actions actually taken."); *Wehrheim v. Secrest,* 2002 WL 31242783, at *5 (S.D.Ind. Aug. 16, 2002) (Tinder, J.) ("The court rejects Plaintiff's attempt to equate threats of action with actions actually taken."); *Clark v. Pollard,* 2000 WL 1902183, at *3 (S.D.Ind. Dec. 28, 2000) (Hamilton, J.) ("By its plain language, subsection (5) applies to threats of action, not to actions actually taken.").

The remaining claims under Section 1692e similarly fail. Section 1692e provides that "A debt collector may not use any false, deceptive, or misleading representation" in connection with the collection of any debt. Plaintiff has failed to articulate what false, deceptive, or misleading representation was made in the filing of the foreclosure complaint

More problematic is that the mere filing of a complaint under these circumstances cannot form the basis of a Section 1692f claim under the FDCPA. In *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871 (7th Cir. 2015), the Seventh Circuit has acknowledged that enforcement of state law is not the purpose of Section 1692f the FDCPA. In that case, the collection law firm filed a state court collection lawsuit against Bentrud for collection of a

defaulted credit card debt. Bentrud invoked the arbitration provision in his credit card agreement. The court stayed the case allowing Bentrud thirty days to initiate arbitration. If Bentrud failed to initiate arbitration within that time period, the court ordered that the stay would be "automatically dissolved." *Id*. at 872. Bentrud failed to meet the thirty day deadline and more than one month later the debt collector filed a motion for summary judgment against him. 794 F.3d at 875. Bentrud responded with a motion to dismiss or continue the stay, which the state court granted. *Id*.

Bentrud claimed in federal court that the debt collection law firm, violated the FDCPA when it filed a motion for summary judgment against him after he elected arbitration during the time of the stay. In rejecting Bentrud's theory the court stated:

> The FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law. *Beler*, 480 F.3d at 474. But that is what Bentrud is attempting to do here; he seeks to transform the FDCPA into an enforcement mechanism for the arbitration provision in his credit card agreement….
>
> …If Bentrud is concerned about Bowman Heintz resuming litigation after he elected arbitration- a procedural oddity, at worst- his remedy sounds in breach of contract, not the FDCPA. A contrary ruling would require us to declare that adherence to an arbitration provision in a contract, even in the face of a state court order to the contrary, is essential to fair debt collection. *Id*. at 875.

The Court also recognized that if the debt collector failed to prosecute the case after the time for arbitrating the case expired, the firm could be subject to a malpractice claim by its client:

> Bentrud, then, would have Bowman Heintz choose between dismissal for failure to prosecute and a possible malpractice claim from Capital One, on the one hand, and a potential, albeit uncertain, FDCPA violation, on the other. That is an easy choice for Bowman Heintz. In filing its second motion for summary judgment, Bowman Heintz made the only choice that a reasonable advocate in its position would have made. And that choice does not equate to an unfair or unconscionable means of attempting to collect a debt. *Id*. at 876.

131520505v1 0989221

As in *Bentrud*, here, a reasonable advocate would follow its client's directive and preserve its client's right to pursue a judgment. Such conduct does not equate to unfair or unconscionable conduct under the FDCPA.

WHEREFORE, Defendant, JBA, respectfully requests that this Court dismiss Count II, and for such further relief this Court deems just and appropriate.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ *Justin M. Penn*
Justin M. Penn

Justin M. Penn
Jason L. Santos
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
jpenn@hinshawlaw.com
jsantos@hinshawlaw.com

131520505v1 0989221

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 19, 2016, a copy of the forgoing Reply in Support of its Motion to Dismiss was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      By:   */s/ Justin M. Penn*
            Justin M. Penn
            Hinshaw & Culbertson LLP
            222 N. LaSalle Street, Suite 300
            Chicago, IL 60601
            Phone No.: 312-704-3000
            Fax No. 312-704-3001
            jsantos@hinshawlaw.com